UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**YVONNE ALCIATORE BLOUNT**     **CIVIL ACTION**

**VERSUS**     **NO: 22-4416**

**WRIGHT NATIONAL FLOOD**     **SECTION "H"**
**INSURANCE COMPANY**

## ORDER AND REASONS

Before the Court is Defendant Wright National Flood Insurance Company's Motion to Dismiss (Doc. 14). For the following reasons, the Motion is **GRANTED**.

## BACKGROUND

This case arises out of an insurance coverage dispute. Plaintiff Fredrick R. Blount, as the testamentary executor for the succession of the estate of Yvonne Alciatore Blount ("Plaintiff"), owns property that was damaged during Hurricane Ida in August 2021. The property was covered by a Standard Flood Insurance Policy ("SFIP") that Plaintiff purchased from Defendant Wright National Flood Insurance Company.[1] Defendant provides flood insurance as a "Write Your Own" ("WYO") carrier through the National Flood Insurance Program ("NFIP"), which is administered by the Federal Emergency

---

[1] The insurance Policy in question bears Policy No. 17-115045-2945 11 and insures against physical damage from wind, hail, fire and hurricane as well as flood-related damage. Doc. 1-4 at 5.

1

Management Agency ("FEMA").[2] After Hurricane Ida, Plaintiff filed a timely claim and sought insurance proceeds from Defendant under the policy. Defendant assessed the claim and allegedly returned estimates that were insufficient to cover the damage.

As a result, Plaintiff filed a breach of contract suit against Defendant for failing to pay out under the policy. Plaintiff also asserts claims for violations of Louisiana state law, along with claims for statutory penalties and attorney's fees and costs under Louisiana Revised Statutes §§ 22:1973(B)(2) and (C) and 22:1892(B)(1), interest, professional fees and expenses, reimbursement for additional living expenses, and actual and consequential damages. Defendant removed to this Court, as federal courts have exclusive subject matter jurisdiction over flood loss claims against WYO companies.[3]

Now before the Court is Defendant's Motion to Dismiss Claims for Bad Faith and Alleging Violations of Louisiana Valued Policy Law and Louisiana Revised Statutes §§ 22:1892 and 22:1973, and All Claims For Consequential, Statutory, Exemplary, Economic and Punitive Damages, Attorneys' Fees, Costs of Litigation, Penalties, and Professional Fees, and Pre And Post-Judgment Interest. To date, Plaintiff has filed no opposition to Defendant's Motion.

## **LEGAL STANDARD**

---

[2] Congress created the National Flood Insurance Plan pursuant to the National Flood Insurance Act. 42 U.S.C. § 4001. In its capacity as a WYO insurer, Defendant is acting as a fiscal agent of the United States. Wright v. Allstate Ins. Co., 415 F.3d 384, 386 (5th Cir. 2005) (citing 42 U.S.C. § 4071(a)(1)).

[3] Webb v. Aetna Ins. Co., 1997 WL 433500, at *3 (E.D. La. July 31, 1997) (holding that 42 U.S.C. § 4072 specifically precludes state courts having concurrent jurisdiction over NFIP claims since federal court have "original, exclusive" jurisdiction).

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."[4] A claim is "plausible on its face" when the pleaded facts allow the court to "[d]raw the reasonable inference that the defendant is liable for the misconduct alleged."[5] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[6] The Court need not, however, accept as true legal conclusions couched as factual allegations.[7]

To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[8] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice.[9] Rather, the complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim.[10]

## LAW AND ANALYSIS

Defendant alleges that Plaintiff's extracontractual state law claims for bad faith, violations of Louisiana Revised Statutes §§ 22:1892[11] and 22:1973[12]

---

[4] Ashcroft v. Iqbal, 556 U.S. 662, 667 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007)).
[5] *Id.*
[6] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).
[7] *Iqbal*, 556 U.S. at 667.
[8] *Id.*
[9] *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).
[10] *Lormand*, 565 F.3d at 255–57.
[11] "Louisiana Revised Statute 22:1892 provides generally that insurers shall pay the amount of any claim due any insured within thirty days after receipt of satisfactory proof of loss, and that all insurers shall make a written offer to settle any property damage claim within thirty days after receipt of satisfactory proof of loss for the claim." Favaro v. Wright Nat'l Flood Ins. Co., No. CV 17-1711, 2018 WL 3419271, at *1 (M.D. La. July 13, 2018).
[12] "Louisiana Revised Statute 22:1973 imposes a duty of good faith and fair dealing on insurers and provides that an insured may recover any damages that he sustains as a result of his insurer's breach of the duty." *Id.*

and all claims for consequential, statutory, exemplary, economic and punitive damages, attorneys' fees, costs of litigation, penalties, and professional fees are preempted and barred.[13] Defendant, therefore, asks the Court to dismiss these claims. Having filed no opposition, Plaintiff provides no response to this argument.

The Court finds that Plaintiff's extracontractual state law claims are preempted by federal statutory law and, as such, must be dismissed. The NFIP was established by the National Flood Insurance Act of 1968 and is administered by FEMA.[14] In 1977, FEMA promulgated the Standard Flood Insurance Program, which allows private insurers to operate as WYO companies.[15] These WYO insurance companies issue their own SFIP's and arrange for the adjustment, settlement, payment and defense of claims arising out of these policies.[16] FEMA regulates the Standard Flood Insurance Program and claims are ultimately paid out of the United States Treasury. In 2000, FEMA added the following language to Article IX of the SFIP:[17]

> IX. What Law Governs
>
> This policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. § 4001, et seq.), and Federal common law.[18]

Following the promulgation of this regulation, the Fifth Circuit reaffirmed its holding from *Wright v. Allstate Ins. Co,* in which it held "that state law tort

---

[13] Doc. 14-2 at 2.
[14] Gallup v. Omaha Prop. and Cas. Ins. Co., 434 F.3d 341, 342 (5th Cir. 2005).
[15] *Id.*
[16] *Id.*
[17] *Id.* at 343.
[18] 44 C.F.R. pt. 61, App. A(1), Art. IX (2001).

claims arising from claims handling by a WYO are preempted by the National Flood Insurance Act."[19] It is now settled law that any claims for damages, penalties, and attorney's fees under state law are preempted.[20] "In other words, insureds under SFIP policies have one remedy, and only one remedy for nonpayment of claims: a suit for breach of contract."[21] As such, Plaintiff's extracontractual state law claims are preempted by federal law. Thus, all claims for bad faith, violations of Louisiana Revised Statutes §§ 22:1892 and 22:1973, and all claims for consequential, statutory, exemplary, economic and punitive damages, attorneys' fees, costs of litigation, penalties, and professional fees are preempted and barred.

Additionally, Defendant requests the Court dismiss Plaintiff's claim for pre and post-judgment interest. As claims for judicial interest in lawsuits brought against FEMA are barred by sovereign immunity, the claim for pre and post-judgment interest must also be dismissed.[22] Plaintiff's claim for breach of contract is the sole remaining claim.

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion is **GRANTED**.

---

[19] *Gallup,* 434 F.3d at 345.
[20] *Favaro,* 2018 WL 3419271, at *3 (holding that "relying on well-settled, binding Fifth Circuit jurisprudence, the Court finds that Plaintiffs' state law claims are preempted by federal law."); Howell-Douglas v. Fid. Nat. Indem. Ins. Co., 24 F. Supp. 3d 579, 583 (E.D. La. 2014) (holding that FEMA "regulations expressly preempt state law tort claims arising from claims handled by a WYO"); Nichols v. Wright Nat'l Flood Ins., No. 18-441, 2019 WL 639170, at *3 (W.D. La. Jan. 16, 2019) (stating that "[t]he Fifth Circuit has clearly held that federal law preempts state law tort claims arising from claims handling by a WYO insurer").
[21] *Howell-Douglas,* 24 F. Supp. 3d at 583.
[22] Bercier v. Bernard, No. 9-1794, 2010 WL 4938657, at *4 (W.D. La. Nov. 29, 2010) (holding that "payment by the WYO for denial of coverage would be precluded by the no-interest rule because it is a direct charge on the federal treasury"); *Favaro*, 2018 WL 3419271, at *3 (dismissing the plaintiff's claims for interest pursuant to state law with prejudice as preempted by federal law); *Nichols*, 2019 WL 639170, at *4 (holding that the plaintiff's claims for interest against a WYO insurer were barred by the "no-interest" rule).

5

6

New Orleans, Louisiana this 14th day of February, 2023.

_____

**JUDGE JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**